UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER L. JOHNSON,

       Plaintiff,

                             Case No.:  04-CV-60274-DT

vs.

                             HON. MARIANNE O. BATTANI
                             MAG. JUDGE WALLACE CAPEL, JR.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant,
                                /

**REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is recommended that the Court deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and enter judgment for Defendant.

**II.    REPORT**

This is an action for judicial review of the Defendant Commissioner's final decision denying Plaintiff's application for disability insurance benefits [DIB].  Plaintiff signed his application for benefits on February 27, 2002, alleging that he has been disabled and unable to work since May 31, 2001, due to "lower back and leg pain due to buldged [sic] disk [sic] in back."  (TR 27, 37-40, 42). Benefits were denied initially on May 8, 2002.  (TR 28-32).  A de novo hearing was held on March 15, 2004, before Administrative Law Judge [ALJ] Stephen Davis.  (TR 248-56).  In a decision dated June 18, 2004,  the ALJ found that Plaintiff could perform sedentary work.   (TR 12-19). Accordingly, Plaintiff was found not disabled.  The ALJ's decision became the Commissioner's

final decision when the Appeals Council denied review on October 16, 2004. (TR 4-6). The Plaintiff has commenced this action for judicial review.

### A.     PLAINTIFF'S TESTIMONY

Plaintiff testified that he lives at 33701 Forest Lane. (TR 251). He stated that he was born December 16, 1955, and is right-handed. Id. He stated that he is five foot, nine inches tall, and weighs over three hundred and fifty pounds. Id. He stated that he went through twelve years of school and then a year and a half of vocational training. (TR 254). He testified that he is divorced and currently unemployed. (TR 251-52).

He stated that he last worked on March 31, 2001, as a production technician and factory representative for Ford Motor Company. (TR 252). He stated that he worked there for twenty-seven and a half years, but he had to stop due to back pain. Id. He reported that he receives a pension from Ford. (TR 254). He testified that he has not had back surgery; rather, his treatment has included pain medication and spinal injections. (TR 252). He stated that the treatment has not helped him much. Id.   He stated that he has a dull constant pain and the medication does not completely relieve it. (TR 255).

He stated that he lays in bed two to three times day for about a half hour to relieve his pain. (TR 254). He stated that he is also prescribed Naprosyn and Darvocet for same. Id. He explained that the medications make him drowsy. Id. He stated that exertion, such as walking more than one block or sitting too long in one position make his pain worse. (TR 255).

He testified that he cannot walk far without back pain. (TR 253). He stated that he can only stand for fifteen to thirty minutes before his legs get weak and start to "wobble." Id. He stated that he cannot sit very long nor can get comfortable sitting. Id. He explained that he has to "wiggle or

2

move" when sitting. Id. He stated that he also has trouble sleeping at times. Id. He stated that he can only lift five to ten pounds because of the pain in his legs and back. Id. He stated that he does not use a cane, crutch, or brace. Id.

He stated that he drives, but if he drives more than a half hour he experiences discomfort. Id. He stated that he spends his time watching televison and doing crossword puzzles. (TR 254). He reported that he sometimes goes to watch a baseball game as well. Id. He stated that he is unable to do any chores around the house and his girlfriend does them for him. Id. He stated that her son mows the lawn. Id.

### B. MEDICAL EVIDENCE

Examinations of the parties' cross-motions for summary judgment reveal that an additional recitation of the Plaintiff's medical evidence would be repetitive. The pertinent record medical evidence relied upon by this Court is fully articulated in the Analysis.[1]

### C. ALJ'S CONCLUSIONS

After reviewing the testimony presented at the hearing and the medical evidence in the record, the ALJ found that "[t]he medical evidence indicates that the claimant has degenerative disc disease of the lumbar spine and exogenous obesity." (TR 14). The ALJ found that although these impairments are "severe," he does not have an impairment either alone or in combination, sufficiently severe to meet or medically equal the criteria of any condition in the Medical Listings in Appendix 1, Subpart P, Regulations No. 4. (TR 14, 18). The ALJ found Plaintiff's testimony not to be fully credible. (TR 18). Thus, he determined that Plaintiff had the residual functional capacity [RFC[ to perform the full range of sedentary work and did not employ the testimony of a

---

[1] See Subpart D, supra.

Vocational Expert [VE]. (TR 19). Therefore, the ALJ concluded that Plaintiff is not eligible for disability. Id.

### D.   ANALYSIS

Plaintiff advances several claims in his Motion for Summary Judgment. His Motion argues that the ALJ's decision is not supported by substantial record evidence because: (1) the ALJ erred in assessing the severity of his medical conditions; (2) the ALJ failed to properly evaluate his credibility; (3) the ALJ failed to properly evaluate the Plaintiff's treating physician's opinions; and (5) the ALJ failed to properly assess his RFC.[2] In response, Defendant's Motion for Summary Judgment contends that the ALJ's decision is supported by substantial evidence.[3] The matter is now ready for decision.

#### 1.   Standard of Review

The findings of the ALJ regarding Plaintiff's disabled status are conclusive if supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g) (1997). Substantial evidence means such evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). It is more than a scintilla of evidence, but less than a preponderance of evidence. Brainard v. Sec'y of Health and Human Servs., 889 F.2d 679, 681 (6th Cir. 1989).

This standard presupposes that there is a "zone of choice" within which the ALJ may make a decision without being reversed. Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994). Even if

---

[2]Plaintiff's Motion for Summary Judgment and Brief filed August 1, 2005 (hereinafter "Plaintiff's Brief"), at pages 9-17.

[3]Defendant's Motion for Summary Judgment and Brief filed August 30, 2005 (hereinafter "Defendant's Brief"), at pages 5-15.

the court might arrive at a different conclusion, an administrative decision must be affirmed if it is supported by substantial evidence. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). Finally, consideration of the whole record does not mean that the ALJ must mention or comment on each piece of evidence submitted. Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998); see also Thacker v. Comm'r of Soc. Sec., 99 Fed.Appx. 661, 665 (6th Cir. 2004) (unpublished). Applying these standards, I will analyze each of Plaintiff's claims.

### a.   Severity of Medical Conditions

Plaintiff alleges that the ALJ failed to consider findings of record that he has diabetes mellitus, obstructive sleep apnea, and congestive heart failure.[4] Further, Plaintiff asserts that the ALJ did not consider the combination of impairments.[5] First, a diagnosis says nothing about the severity of an impairment, as in Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988), the Court stated, "[t]he mere diagnosis of arthritis, of course, says nothing about the severity of the condition. Foster v. Bowen, 853 F.2d 483, 489 (6th Cir. 1988) (diagnosable impairment not necessarily disabling)."

Plaintiff alleges that these impairments in combination, along with his need to lie down two to three times daily for at least a half an hour clearly "have a significant affect on [his] ability to work."[6] Plaintiff provides no specific limitations regarding same. Defendant points out that the burden is on Plaintiff to prove that he is disabled.[7] Plaintiff fails to show how his impairments limit his ability to work and further does not argue what specific listings are met. "Issues adverted to in

---

[4] Plaintiff's Brief at pages 9-10, 12.

[5] Plaintiff's Brief at page 12.

[6] Plaintiff's Brief at page 10.

[7] Defendant's Brief at page 9.

5

a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir. 1997) (citations omitted).

Further, as Defendant points out where the ALJ found other impairments that were severe, there is harmless error.[8] In Maziarz v. Sec'y of Health & Human Servs., 837 F.2d 240, 244 (6th Cir. 1987),

> [s]ince the Secretary properly could consider claimant's cervical condition in determining whether claimant retained sufficient residual functional capacity to allow him to perform substantial gainful activity, the Secretary's failure to find that claimant's cervical condition constituted a severe impairment could not constitute reversible error.

Additionally, Plaintiff argues the ALJ failed to take into account Plaintiff's obesity pursuant to SSR 02-01p.[9] The undersigned recognizes that obesity can cause a person to be disabled, especially when in concert with other factors. Johnson v. Sec'y of Health and Human Servs., 794 F.2d 1106, 1112-14 (6th Cir. 1986). See also SSR 02-01p.

Defendant contends that the ALJ did assess Plaintiff's obesity after determining that it was a severe impairment.[10] Specifically, the ALJ "noted that there are no listings in and of themselves that pertain strictly to the level of obesity of a claimant." (TR 14). Additionally, it is noted that the ALJ found that Plaintiff could not return to his past relevant work and as Defendant points out, the ALJ

---

[8] Defendant's Brief at pages 7-8.

[9] Plaintiff's Brief, at pages 11-12.

[10] Defendant's Brief at pages 8-9.

6

noted in terms of his severe degenerative disc disease that "there [was] no evidence of a resulting inability to ambulate effectively on a sustained basis," as required by Listing 1.04. (TR 14).[11]

SSR 02-01p states that "we will not make assumptions about the severity or functional effects of obesity combined with other impairments" and recognizes that "[o]besity in combination with another impairment *may or may not* increase the severity or functional limitations of the other impairment. (emphasis added). We will evaluate each case based on the information in the case record." Again, it is worth stating that Plaintiff fails to show how his impairments specifically limit his ability to work[12] and further does not argue what specific listings are met. Further, the ALJ did find that "even when the impairments of the claimant are considered in combination, there are no attendant findings that equal any of the listing sections." (TR 14). Therefore, Plaintiff fails to show that the ALJ improperly considered his obesity on its own and in combination.

### b. Credibility

Plaintiff argues that the ALJ erred in assessing his credibility.[13] First, Plaintiff alleges that the hearing only lasted ten minutes and the ALJ "cut [ ] off" Plaintiff's testimony.[14] However, Plaintiff's representative had the opportunity to further question Plaintiff and did so. (TR 254-55). Thus, any testimony that was arguably hurried by the ALJ could have been more developed by Plaintiff's representative. As Defendant points out, there is no evidence that the ALJ abruptly closed

---

[11] Defendant's Brief at page 8.

[12] Plaintiff does argue that he suffers from sleep apnea which can be linked to a diagnosis of obesity. Plaintiff's Brief at pages 12, 16. However, Plaintiff's sleep apnea has improved with treatment. See Subpart D, subsection d, supra, at pages 15-16.

[13] Plaintiff's Brief at pages 12-14.

[14] Plaintiff's Brief at page 13.

7

the hearing and "noting that the Social Security hearing system is probably the largest adjudicative agency in the western world and observing, '[t]he need for efficiency is self-evident.'" See Heckler v. Campbell, 461 U.S. 458, 461 n. 2 (1983).[15]

Nonetheless, the undersigned notes Defendant's argument regarding the length of the hearing is not completely correct.[16] In Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, *1052 (C.A.Tenn.,1983), the Sixth Circuit concluded that the ALJ failed to fully develop the record where "[t]he hearing was brief. It lasted a mere 25 minutes, and was fully transcribed in approximately 11 pages. In addition Lashley possessed limited intelligence, was inarticulate, and appeared to be easily confused." Although in this case the hearing was equally short, Plaintiff was represented and there is no evidence that he possesses limited intelligence, therefore, Lashley is distinguishable.

In evaluating subjective complaints of disabling pain, this court looks to see whether there is objective medical evidence of an underlying medical condition, and if so then: 1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or, 2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain. McCoy on Behalf of McCoy v. Chater, 81 F.3d 44, 47 (6th Cir. 1995) (quoting Stanley v. Sec'y of Health and Human Servs., 39 F.3d 115, 117 (6th Cir.1994) (citing Jones v. Sec'y of Health and Human Servs., 945 F.2d 1365, 1369 (6th Cir.1991) and (quoting Duncan v. Sec'y of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986)). In order to determine disability based on subjective complaints, we look to 20 CFR § 404.1529(c)(3):

---

[15]Defendant's Brief at page 11.

[16]Defendant's Brief at page 10.

> When determining credibility, in addition to the objective medical evidence, the ALJ must also consider:
> 1. The individual's daily activities;
> 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
> 3. Factors that precipitate and aggravate the symptoms;
> 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 minutes to 20 minutes every hour, or sleeping on a board); and
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

"However, we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements." 20 CFR § 404.1529(c)(2). Further, as Social Security Ruling (SSR) 96-7p points out, the ALJ's "determination or decision must contain specific reasons for the finding on credibility . . . to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." See also, Murray v. Comm'r of Soc. Sec., 2004 WL 1765530, *4 (E.D. Mich., Aug. 3, 2004) (slip copy).

In the present case, the ALJ stated that

> the claimant's daily activities are not indicative of an individual with a total disability. Reports of daily activities indicate the claimant operates his own computer, does the dishes, takes out the garbage, fishes, plays cards, does wood working, vacuums the living room and shops weekly in spite of the back pain that he alleges (Exhibit 6E, 7E).

(TR 16). Additionally, the ALJ found that Plaintiff's "treatment for his back condition . . . has been minimal, essentially routine and conservative in nature." Id. Further, the ALJ noted that no surgery

9

has been performed and Plaintiff reported improvement with medication. Id. Under the regulations, the ALJ stated sufficient reasons for his credibility finding.

Plaintiff argues that the ALJ's discussion of his treatment is improperly minimalized because he underwent physical therapy, "is on a heavy medication regimen," has received epidural injections for back pain, and been to two different pain clinics.[17] However, the ALJ noted these treatment records. (TR 15). Further, Plaintiff states that surgery has not been advised due to his obesity.[18] However, Plaintiff fails to show that the conditions noted by the ALJ create greater limitations than those found by the ALJ. Plaintiff concedes that "there may be some improvement on medications."[19]

It is noted that the ALJ did not consider the side-effect of drowsiness reported by the Plaintiff. Plaintiff argues that the side-effect was reported at the hearing, on a disability report, and to Dr. Edward Czarnecki.[20] However, as Defendant points out, "the record does not show that Plaintiff complained of disabling drowsiness to his treating physicians, such that his medications were changed or altered."[21] Nonetheless, where "[t]he claimant complained of side effects from his [or her] medication for the first time at the hearing, [and] none of the medical reports indicate that he or [she] complained to a doctor about the side effects," such a complaint is not entitled to credibility. Steiner v. Sec'y of Health and Human Servs., 859 F.2d 1228, 1231 (6th Cir. 1987). Although Plaintiff did report the side-effect to Dr. Czarnecki, a licensed psychologist, he did not

---

[17] Plaintiff's Brief at pages 13-14.

[18] Plaintiff's Brief at page 14.

[19] Plaintiff's Brief at page 14.

[20] Plaintiff's Brief at page 14.

[21] Defendant's Brief at page 12.

10

report it to his treating physicians. (TR 175). Thus, any error in the ALJ's failure to reference same appears harmless.

The undersigned also notes in reference to Dr. Czarnecki that he found that Plaintiff was not exaggerating his symptoms. (TR 177). In fact, this was the exact purpose for Plaintiff's visit. (TR 174). Dr. Czarnecki stated that, "[b]ecause of the subjective nature of the pain complaints in the face of available objective medical evidence indicating multiple physical impairments, Mr. Johnson was referred for this psychological assessment of the veracity of his complaints of pain and fatigue." Id. Nonetheless, the ALJ was aware of same and did not ignore Dr. Czarnecki's opinion. (TR 16). The ALJ stated the results of the Minessota Multiphasic Personality Inventory-2 test "suggested that claimant was not exaggerating his physical symptoms." Id.

Therefore, the ALJ properly considered Plaintiff's credibility. In light of the evidence, the Commissioner could reasonably conclude that Plaintiff's complaints were not fully credible.

> The ALJ may have been wrong, but he was not unclear; after listening to what [Plaintiff] said on the witness stand, observing his demeanor, and evaluating that testimony in the light of what appears in the written medical records, the ALJ concluded, rightly or wrongly, that [Plaintiff] was trying to make his symptoms and functional limitations sound more severe than they actually were. It is the ALJ's job to make precisely that kind of judgment.

Gooch v. Sec'y of Health and Human Servs., 833 F.2d 589, 592 (6th Cir. 1987). The "ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference," and should not be disturbed. Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 531 (6th Cir.1997) (citation omitted). The ALJ's decision was based on substantial evidence, thus, this Court cannot challenge that finding. Williamson v. Sec'y of Health and Human Servs., 796 F.2d 146, 150 (6th Cir. 1986) ("The ALJ expressly found Williamson's testimony not worthy of credit, and such credibility determinations ordinarily are given deference by the court.").

### c. Treating Physicians

Plaintiff argues that the ALJ did not properly analyze the weight to be given his treating physician, Dr. Vicencio's opinion.[22] This Court is well aware that the medical opinions and diagnoses of treating physicians are entitled to substantial deference, particularly if those opinions are uncontradicted. King v. Heckler, 742 F.2d 968, 974 (6th Cir. 1984).

> The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records.

Bankston v. Comm'r of Soc. Sec., 127 F.Supp.2d 820, 824 (E.D. Mich. 2000). However, such deference is due only if the treating physician's opinion is based on sufficient medical data. See 20 C.F.R. § 404.1529. It is often misunderstood that the determination of disability is the prerogative of the Secretary, and not the treating physician. Kirk v. Sec'y Of Health & Human Servs., 667 F.2d 524, 538 (6th Cir. 1981); Duncan, 801 F.2d at 855; 20 C.F.R. § 404.1527.

An ALJ may reject a physician's opinion when it is brief, conclusory, or not supported by medically acceptable clinical or laboratory diagnosis techniques. 20 C.F.R. § 404.1527(d)(2). Accordingly, treating physicians' opinions must be grounded on objective medical evidence, and no deference need be afforded those opinions if they are simply conclusory. Houston v. Sec'y of Health and Human Servs., 736 F.2d 365, 367 (6th Cir. 1984); Duncan, 801 F.2d at 855 (citing King, 742 F.2d at 973). In other words, the weight to be given a doctor's opinion by an ALJ will depend on the extent to which it is supported by "specific and complete clinical findings." Giddings v. Richardson, 480 F.2d 652, 656 (6th Cir. 1973). See also Cutlip v. Sec'y of Health and Human

---

[22]Plaintiff's Brief at page 15.

Servs., 25 F.3d 284, 287 (6th Cir. 1994) (citing Young v. Sec'y of Health & Human Servs., 925 F.2d 146, 151 (6th Cir.1990)).

In Wilson v. Commr. of Soc. Sec., 378 F.3d 541, 544, (6th Cir. 2004), the Sixth Circuit found that

> [i]f the opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors--namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source--in determining what weight to give the opinion.

Id. (citations omitted). Although an ALJ is not required to discuss each and every piece of evidence, he or she "may not pick and choose the portions of a single report, relying on some and ignoring others, without offering some rationale for his decision." Young v. Comm'r of Soc. Sec., 351 F. Supp.2d 644, 649 (E.D.Mich. 2004). Here, the ALJ discussed Dr. Vincenzio's findings dated November 5, 2003, stating "that the claimant had a steady gait, sensory changes that were intact, normal relflexes and a full range of motion in the cervical spine in spite of the back pain that he reported." (TR 15-16).

Dr. Vicencio's findings of the same date do not state that Plaintiff is in fact disabled;[23] rather, it states that Plaintiff's "symptoms [would] interfere with the ability to maintain reliable attendance in a work setting." (TR 163). Plaintiff relies on this statement by Dr. Vicencio as well as his statement that Plaintiff's "symptoms [are] consistent with the medical findings."[24] (TR 163).

---

[23]The undersigned does note that another physician, Munawar Siddiqui, M.D., stated that Plaintiff is unable to work because of back pain. (TR 169). However, Plaintiff does not argue that this physician's opinion was entitled to any weight.

[24]Plaintiff's Brief at page 14.

13

Specifically, Plaintiff argues that the ALJ "did not provide an analysis of the weight he gave to Dr. Vicen[z]io's opinion" specifically relating to the ability to maintain attendance.[25]

In Wilson, the Sixth Circuit went on to state

[t]hat is not to say that a violation of the procedural requirement of § 1527(d)(2) could never constitute harmless error. We do not decide the question of whether a de minimis violation may qualify as harmless error. For instance, if a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it, a failure to observe § 1527(d)(2) may not warrant reversal. NLRB v. Wyman-Gordon, Co., 394 U.S. 759, 766 n. 6, 89 S.Ct. 1426, 22 L.Ed.2d 709 (1969) (plurality opinion) (where "remand would be an idle and useless formality," courts are not required to "convert judicial review of agency action into a ping-pong game"). There is also the possibility that if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion, it may be irrelevant that the ALJ did not give weight to the treating physician's opinion, and the failure to give reasons for not giving such weight is correspondingly irrelevant. Or perhaps a situation could arise where the Commissioner has met the goal of § 1527(d)(2)-- the provision of the procedural safeguard of reasons--even though she has not complied with the terms of the regulation.

Wilson, 378 F.3d at 547. In the present case, the ALJ essentially agreed with the findings of the treating physician; however, he ignored or failed to state that the treating physician questioned Plaintiff's ability to maintain attendance. The treating physician does not support the assertion regarding attendance with any objective medical evidence or other data. Therefore, this mere assertion should be viewed "a de minimis violation . . . qualify[ing] as harmless error." Id.

### d.     RFC

Plaintiff alleges that the medical record as a whole does not support the ALJ's RFC findings.[26] Specifically, Plaintiff argues that his obesity, combined with drowsiness, fatigue, stamina, and sleep

---

[25]Plaintiff's Brief at page 15.

[26]Plaintiff's Brief at pages 15-17.

apnea do not support an RFC for the full range of sedentary work.[27] Further, Plaintiff argues that he has a need to lie down to relieve pain two to three times a day for at least a half hour.[28]

In Yang v. Comm'r of Soc. Sec., 2004 WL 1765480, *5 (E.D.Mich. July 14, 2004) (slip copy), the Sixth Circuit articulated the relationship between a severe impairment and the limitations such an impairment have in relationship to a plaintiff's RFC.

> One does not necessarily establish the other. In this case, for instance, the plaintiff had some vision loss that, under the Secretary's definition, could be found as "severe," but the ALJ reasonably could have concluded that the correction of that vision to 20/25, see tr. at 124, did not limit the plaintiff's ability to perform light work.

Similarly in this case, the ALJ reasonably concluded that although, Plaintiff suffered from obesity and degenerative disc disease of the lumbar spine, he could still perform sedentary work. (TR 14-15, 18). Specifically, the ALJ limited Plaintiff to the following RFC exceptions

> performing work that requires lifting more than ten pounds at a time or lifting or carrying lighter objects such as docket files, ledgers, or small tools more than occasionally; performing work that requires standing or walking for a combined total of more than two hours per 8-hour workday; performing work that requires sitting for more than six hours total per 8-hour workday; or performing work that requires more than very infrequent stooping or crouching during the workday.

(TR 14-15).

Other than the need to nap for two to three times a day for at least a half hour, Plaintiff does not point to limitations greater than those found by the ALJ. Further, the need to nap in such a manner is not supported by the record. Although Plaintiff reported a need to nap on his record of daily activities, he reported that he napped for one hour a day and that this was due to sleep apnea. (TR 73). He also testified to taking two, one hour naps at the time his sleep study was being

---

[27]Plaintiff's Brief at page 16.

[28]Plaintiff's Brief at page 16.

performed. (TR 152). He only testified to the two to three daily naps for at least a half hour at the hearing. (TR 254). He never reported same to his physicians.

Plaintiff faults the ALJ for failing to discuss the need for naps, but the ALJ acknowledged the alleged sleep apnea and stated "that the sleep disorder was in fact improving with treatments (Exhibit 4F)." (TR 15). The ALJ's finding is supported in the record by improvement with use of a Continuous Positive Airway Pressure device [CPAP] on March 20, 2003. (TR 125). Plaintiff himself reported sleeping better on March 21, 2003, as part of the sleep study. (TR 133). Therefore, the ALJ's RFC was supported by substantial evidence contrary to Plaintiff's allegations and there was no need for a VE to evaluate any non-exertional limitations that the ALJ found to be nonexistent.

## III.   CONCLUSION

For the reasons stated, I find that the ALJ's decision denying Plaintiff benefits is substantially supported in the record. Accordingly, I respectfully recommend that the Court **DENY** Plaintiff's Motion for Summary Judgment, **GRANT** Defendant's Motion for Summary Judgment, and enter judgment for Defendant Commissioner.

Pursuant to Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of the recommendation they may serve and file specific, written objection within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals. United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Fed.R.Civ.P. 6(b), the court in its discretion, may enlarge the period of time in which to file objections to this report.

S/Wallace Capel, Jr.
**WALLACE CAPEL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**Date:**  November 22, 2005

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: James A. Brunson, Assistant United States Attorney, 101 First Street, Suite 200, Flint, Michigan 48708, and Eva I. Guerra, 8884 Akehurst Court, White Lake, Michigan 48386.

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s):  Social Security Administration, Office of the Regional Counsel, 200 W. Adams Street, 30th Floor, Chicago, Illinois 60606.

                                                                      s/James P. Peltier
                                                                      United States District Court
                                                                       Flint, Michigan 48502
                                                                       810-341-7850
                                                                       E-mail: pete_peltier@mied.uscourts.gov