**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROGER L. JOHNSON

                Plaintiff,                              CASE NO. 04-60274

     v.                                      HON. MARIANNE O. BATTANI

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

_____/

**OPINION AND ORDER OF THE COURT REJECTING REPORT AND**
**RECOMMENDATION AND REMANDING TO COMMISSIONER**

## I.  INTRODUCTION

      Plaintiff Roger L. Johnson brings this action pursuant to 42 U.S.C. § 405(g), challenging the

final decision of the Commissioner denying his application for disability insurance benefits (DIB)

under Title II of the Social Security Act, 42 U.S.C. § 423.  Plaintiff filed his claim for DIB on

February 4, 2002, alleging a disability onset date of May 31, 2001, due to lower back and leg pain

After Plaintiff's claim was denied, he requested a hearing.  Administrative Law Judge Stephen E.

Davis ("ALJ") presided over the March 15, 2004 hearing.  After hearing testimony from Plaintiff,

the ALJ found that Plaintiff could perform sedentary work and, consequently, denied benefits.

      Plaintiff sought review of the ALJ's decision with the Appeals Council and was denied on

October 16, 2004.  Plaintiff timely filed this action for judicial review of the Commissioner's

decision.  The case was referred to Magistrate Judge Wallace Capel, Jr. pursuant to 28 U.S.C. § 636.

In his Report and Recommendation, Magistrate Judge Capel recommended that the Plaintiff's

Motion for Summary Judgment be denied and that the Defendant's Motion for Summary Judgment

be granted.

Plaintiff timely filed objections to the R & R.  For the reasons stated below, the Court rejects the Magistrate Judge's recommendation and remands this action to the ALJ for further review.

## II. STANDARD OF REVIEW

In cases where a magistrate judge has submitted a Report and Recommendation and a party has properly filed objections to it, the district court must conduct a *de novo* review of those parts of the Report and Recommendation to which the party objects.  28 U.S.C. § 636(b)(1).  Review of the Commissioner's decision is limited to determining whether the findings are supported by substantial evidence and whether the Commissioner employed proper legal standards in reaching his conclusion.  Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989).  "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."  Casey v. Sec'y of HHS, 987 F.2d 1230, 1233 (6th Cir. 1993).  A decision which is supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion.  Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (internal quotation omitted); Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

When determining whether the decision is supported by substantial evidence, the court must take into consideration the entire record, including "whatever in the record fairly detracts from its weight."  Mullen, 800 F.2d at 545.  The scope of review is limited to examination of the record. Brainard, 889 F.2d at 681.  Further, where the Appeals Council had declined to review the ALJ's decision, review is limited to the record and evidence before the ALJ.  Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993).  However, the court may not review the evidence *de novo*, make

2

determinations of credibility or weigh the evidence.  Brainard, 889 F.2d at 681.  Credibility determinations by the ALJ should be accorded deference by the reviewing court.  Mullen, 800 F.2d at 545 (internal quotation omitted).

## III. ANALYSIS

To establish a compensable disability under the Social Security Act, a claimant must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.  42 U.S.C. §1382(a)(3)(A). The claimant bears the ultimate burden of establishing a disability within the meaning of the Social Security Act.  Casey, 987 F.2d at 1233.

Disability claims are evaluated through a five-step sequential process. 20 C.F.R. § 404.1520. See also Kirk v. Sec'y of HHS, 667 F.2d 524, 529 (6th Cir 1981), cert. denied, 461 U.S. 957 (1983). The burden of proof to show a disability is on the claimant through the first four steps of the process. If a claimant meets this burden, the fifth step shifts the burden to the Commissioner.  Preslar v. Sec'y of HHS, 14 F.3d 1107, 1110 (6th Cir. 1994).  The first step of the process examines whether the claimant is currently engaged in substantial gainful activity.  If the claimant is so engaged, he is not disabled under the guidelines.  The second step examines whether the claimant has a severe impairment which significantly limits his ability to perform work-related functions.  Id.  If a severe impairment is found, the third step requires comparison of the impairment to those impairments listed in Appendix I, 20 C.F.R. §404, Subpt. P (1981), to determine if, on the medical evidence alone, the claimant is disabled.  Id.  If the claimant is not disabled under the third step, the fourth step requires a determination of whether the claimant can perform relevant past work.  If claimant

3

cannot perform relevant past work, the fifth step shifts the burden to the Commissioner to establish that the claimant has transferable skills which enable him to perform other work in the national economy.  Id.

Plaintiff raises numerous objections to the ALJ's evaluation of the evidence.  The Court finds these argument are subsumed in the following two issues: whether the ALJ properly analyzed the severity of his medical conditions; and whether the ALJ's credibility determination is supported by substantial evidence.  Each is discussed below.

**A.  Severity of medical conditions**

In assessing Plaintiff's medical conditions,  the ALJ found that Plaintiff "has degenerative disc disease of the lumbar spine and exogenous obesity."  Tr. at 14.  Although these impairments were deemed "severe," the ALJ concluded that they did not meet or medically equal one of the impairments listed, even when considered in combination.  See Tr. at 14.

Plaintiff challenges this determination, arguing that the ALJ never considered his conditions of diabetes mellitus, hyperlipidemia, obstructive sleep apnea and congestive heart failure.  Even if the Court finds merit to Plaintiff's argument, it does not provide a basis for rejecting the denial of benefits.  The failure to evaluate an alleged impairment does not constitute reversible error, provided the ALJ found one impairment severe and consequently continued with the sequential analysis.  Maziarz v. Sec'y of HHS, 837 F.2d 240, 244 (6th Cir.1987) .

Next, Plaintiff asserts that the ALJ failed to take into account his obesity pursuant to SSR 02-01p.  SSR 02-01p reads, "We will not make assumptions about the severity of functional effects of obesity combined with other impairments."  The rule further recognizes that "[o]besity in combination with another impairment may or may not increase the severity or functional limitations

4

of the other impairment." Id. A case by case analysis is required.

      In this case, the ALJ addressed plaintiff's obesity as follows: "It should be noted that there are no listings in and of themselves that pertain strictly to the level of obesity of a claimant." Tr. at 14. The record contains no further discussion of the condition. Despite the fact that obesity no longer has a separate Listing, the ALJ may still determine that an individual with obesity "meets" or "equals" a Listed impairment. Here, the ALJ did make the finding that even in combination with Plaintiff's degenerative disc disease, his obesity did not meet a Listed impairment. That finding alone does not satisfy the analysis.

      If the claimant does not meet or equal a Listing, the ALJ must consider any limitation in function caused by obesity in determining the residual functional capacity. The SSA recognizes that obesity may limit the person's exertional abilities (e.g., sitting, standing, walking, lifting, carrying, pushing, and pulling), ability to perform postural functions (e.g., climbing, balancing, stooping, and crouching), and ability to work on a regular and continuing basis. Id. at 6. Moreover, "[t]he combined effects of obesity with other impairments may be greater than might be expected without obesity. For example, someone with obesity and arthritis affecting a weight-bearing joint may have more pain and limitation than might be expected from the arthritis alone." SSR 02-1p at 6; see e.g. Gentle v. Barnhart, 430 F.3d 865, 868 (7th Cir.2005) (noting potential effect of obesity on ability of person with disc disease to sit and stand). In this case, the ALJ did not include any statement reflecting whether he considered Plaintiff's obesity relative to his exertional activities or if and how it impacted Plaintiff's pain. This is particularly relevant given the ALJ's finding that Plaintiff was not fully credible.

**B.  Credibility determination**

SSR 96-7p establishes a two-step process for evaluating the credibility of the claimant's testimony about symptoms such as pain, fatigue, or weakness.  First, the ALJ must consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's pain or other symptoms.  Duncan v. Sec'y of HHS, 801 F.2d 847, 853 (6th Cir. 1983).  Second, if an impairment that could reasonably produce the claimant's pain or other symptoms has been shown, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which the symptoms limit the claimant's ability to perform basic work activities.  Id.  If the claimant's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the claimant's statements based on a consideration of the entire case SSR 96-7p.

At step two, "the ALJ may not disregard subjective complaints merely because they are not fully supported by objective medical evidence." 20 C.F.R. § 404.1529(c)(2).  Rather, this is but one factor to consider, along with the following:

> (a) the claimant's daily activities;
> (b) the location, duration, frequency and intensity of the pain;
> (c) precipitating and aggravating factors;
> (d) type, dosage, effectiveness and side effects of medication;
> (e) treatment other than medication;
> (f) any measures the claimant has used to relieve the pain or other symptoms; and,
> (g) functional limitations and restrictions.

20 C.F.R. § 404.1529(c)(3)); see also SSR 96-7p.

Although neither SSR 96-7p nor § 404.1529 requires the ALJ to analyze and elaborate on each of the seven factors when making a credibility determination, the ALJ must sufficiently

articulate his assessment of the evidence to assure the court that he considered the important evidence and to enable the court to trace the path of his reasoning. Blom v. Barnhart, 363 F.Supp.2d 1041, 1055 (E.D. Wisc. 2005). In this regard, SSR 96-7p requires the ALJ's decision to include "'specific reasons for the finding on credibility, supported by the evidence in the case record.'" Id. (quoting SSR 96-7p). "[T]he reasons for a credibility finding may [not] be implied. Indeed, the cases make clear that the ALJ must specify the reasons for [her] finding so that the applicant and subsequent reviewers will have a fair sense of the weight given to the applicant's testimony." Golembiewski v. Barnhart, 322 F.3d 912, 916 (7th Cir. 2003).

Here, the ALJ found Plaintiff's allegations about his limitations were not totally credible for several reasons. According to the ALJ, Plaintiff's daily activities were not indicative of an individual with a total disability. He noted, "Reports of daily activities indicate the claimant operates his own computer, does the dishes, take out the garbage, fishes, plays cards, does wood working, vacuums the living room and shops weekly in spite of the back pain that he alleges." Tr. at 16.

Without question, the ALJ is free to discount the claimant's credibility when some of his activities are inconsistent with claims of disabling pain. See Blacha v. Sec'y of HHS, 927 F.2d 228, 231 (6th Cir. 1990) (holding, as a matter of law, that an ALJ may consider household and social activities in evaluating complaints of pain). Nevertheless, in reaching this assessment, the ALJ may not ignore significant evidence in the record undermining his conclusion. Here, Plaintiff testified that he could not vacuum without taking a break; that he could wash dishes when needed and that he relied on his girlfriend for help; and that during the course of a one-hour shopping excursion he had to stop and rest. Plaintiff indicated that he played cards when friends or family visited, once or

twice a year.  Tr. at 76.  Further, reports reflect that all these activities were limited by pain, and Plaintiff's ability to complete any task was questionable.  Id. at 79-81.  The Court's obligation in affording the deference due to the ALJ's credibility determination, does not require a placing a "seal of approval" on a selective reading of the record.  Davis v. Apfel, 135 F.Supp. 2d 542, 547 (E.D. Mich. 2001).  Here, these bits of the record that were not included in the ALJ's decision highlight the need for consideration of the role of obesity relative to Plaintiff's residual functional capacity.

The ALJ further characterized the treatment of Plaintiff's back condition as "minimal, essentially routine and conservative in nature.  No surgery on the spine has been performed, and the claimant further admits improvements in his back pain as a result of prescription medications."  Id. Again, the ALJ's emphasis on the conservative nature of Plaintiff's treatment ignores evidence that Plaintiff was not a candidate for surgery due to his obesity.  Further, the ALJ does not address other measures taken by Plaintiff, such as seeking treatment at a pain management clinic, receiving spinal injections, and engaging in physical therapy to treat his condition and resulting pain.  See Tr. at 162-63.  Finally, the ALJ did not comment on Plaintiff's testimony that he lays down two or three times a day to relieve his pain.[1]  Tr. at 254.  The ALJ need not comment on every piece of evidence; nevertheless, he cannot ignore important evidence that directly undermines his findings.

Finally, the ALJ failed to address the opinion of Plaintiff's treating physician, Dr. Normita Vicencio, that Plaintiff's symptoms would interfere with this ability to maintain reliable attendance. See Tr. at 163.  Under the treating source regulations, "more weight [is given] to opinions from [the claimant's] treating sources, since these sources are likely to be the medical professionals most able

---

[1]The ALJ did reject Plaintiff's testimony that he took naps because Plaitniff had not reported to his doctors that his medication caused drowsiness and because Plaintiff's sleep apnea had improved with treatment.

to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s)." 20 C.F.R. § 404.1527(d)(2).  The ALJ did not indicate whether he rejected the opinion because it was not well-supported or because it was inconsistent with the other substantial evidence.  <u>See</u> Social Security Ruling 96- 5p (requiring the ALJ to provide an explanation of "the consideration given to the treating source's opinion(s)" on issues reserved to the Commissioner).

In addition, the ALJ does not provide any basis for rejecting Dr. Edward A. Czarneki's opinion that Plaintiff was not exaggerating his symptoms.  This omission is significant, particularly in light of the fact that Plaintiff was sent for a consultation with Dr. Czarneki to evaluate the credibility of Plaintiff's complaints of pain and fatigue.

When evaluating an ALJ's decision in a social security case, the Court must consider whatever in the record fairly detracts from the weight of the ALJ's ultimate ruling.  <u>Mullen</u>, 800 F.2d at 545.  Here, Plaintiff's testimony, a complete reading of Plaintiff's daily activities, and the opinions of  Dr. Czarnecki and Dr. Vicencio fairly detract from the weight of the ALJ's denial of DIB to Plaintiff.  It is unclear whether the ALJ rejected the Doctors' opinions or simply failed to take them into account.  Social Security Ruling 96-7p provides that an ALJ's credibility determination "[m]ust contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."

Therefore, the Court finds that the ALJ did not properly evaluate all of testimony from the administrative hearing.  For this reason, the Court cannot uphold the ALJ's decision, nor will it adopt the Magistrate Judge's finding that substantial evidence exists in the record to support the

ALJ's denial of benefits.


## V.  CONCLUSION

For the reasons stated above, the Court **REJECTS** the Magistrate Judge's recommendation

and **REMANDS** this case to the ALJ for further consideration of the evidence.

**IT IS SO ORDERED.**


s/Marianne O. Battani
HON. MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE


DATE: March 24, 2006


## CERTIFICATE OF SERVICE

Copies of this Opinion and Order were served upon  Eva I. Guerra and James A. Brunson

on this date by ordinary mail and/or electronic filing.


s/Bernadette M. Thebolt
Case Manager


10