UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER L. JOHNSON,

       Plaintiff,                           CASE NO.: 5:04-CV-60274

                                          HON. MARIANNE O. BATTANI
vs.                                       MAG. JUDGE WALLACE CAPEL, JR.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

      Before the Court is Plaintiff's application for attorney fees, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 *et seq*.

      Plaintiff Roger L. Johnson filed a claim with the Social Security Administration (SAA) for disability insurance benefits (DIB) due to lower back and leg pain. After the SSA denied Plaintiff's claim, Plaintiff requested a hearing.  The presiding administrative law judge (ALJ) found that Plaintiff could perform sedentary work and consequently denied benefits.

      Plaintiff sought review of the ALJ's decision with the Appeals Council, but the Council denied his appeal.  Plaintiff then filed an action in this Court for judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), in which he challenged the denial of his application for DIB.  The case was referred to Magistrate Judge Wallace Capel, Jr., pursuant to 28 U.S.C. § 636.  In his Report and Recommendation (R & R), Magistrate Judge Capel recommended that the Plaintiff's Motion for Summary Judgment be denied and that Defendant's

Motion for Summary Judgment be granted. Plaintiff filed objections to the R & R, and the Honorable Marianne O. Battani, United States District Judge, reviewed the case *de novo*. Judge Battani rejected the Magistrate Judge Capel's R & R and remanded the case for further development pursuant to "sentence four" of 42 U.S.C. § 405(g). Plaintiff now brings this action for attorney's fees and expenses under EAJA.

## II.   ANALYSIS

The EAJA provides that a court "shall award to a prevailing party other than the United States, fees and other expenses" in any civil action brought by or against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Courts are also authorized to award costs, such as fees paid to the Clerk of Court, in a judgment or order. 29 U.S.C. § 1920. Eligibility of a fee award in a civil action pursuant to the EAJA requires that the following conditions be met: 1) the claimant was a "prevailing party"; 2) the government's position was not "substantially justified"; 3) no "special circumstances make an award unjust"; and 4) pursuant to 28 U.S.C. § 2412(d)(1)(B), any fee application must be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement. Commissioner, I.N.S. v. Jean, 496 U.S. 154, 158, 110 S. Ct. 2316, 2319 (1990).

A plaintiff is a prevailing party under the EAJA if he or she succeeds on any significant issue in litigation which achieves some of the benefit the plaintiff sought when bringing suit. Heasley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983) (citation omitted). Furthermore, whenever a remand is ordered pursuant to "sentence four," the plaintiff is considered the prevailing party. Shalala v. Schaefer, 509 U.S. 292, 301, 113 S. Ct. 2625, 2631

(1993).

The government's position is "substantially justified" when it has a reasonable basis both in law and fact. Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, (1988) (citations omitted). The position must be "'justified in substance or in the main'- that is, justified to a degree that could satisfy a reasonable person." Id. The position need not be "justified to a high degree," but it must be "more than merely undeserving of sanctions for frivolousness." Id. at 565-566.

At issue is whether Defendant was substantially justified in defending its position. Defendant claims that the Magistrate Judge's recommendation that judgment be entered in favor of the Commissioner demonstrates that her position in this case was substantially justified. However, the Sixth Circuit Court of Appeals has clearly stated that "[w]hile a string of losses or successes may be indicative of whether a position is substantially justified, 'the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified.'" Howard v. Barnhart, 376 F.3d 551, 554 (6th Cir. 2004) (emphasis added) (quoting Pierce v. Underwood, 487 U.S. 552, 562, 108 S. Ct. 2541 (1988)). In Howard, the ALJ, the magistrate, and the district court all agreed with the Social Security Administration's denial of benefits; nevertheless, the Court of Appeals still held that this "string" of successes for the Government did not establish that its position was substantially justified. In the present case, only the ALJ and the Magistrate Judge have thus far agreed with the Commissioner's denial of benefits. Therefore, the Magistrate Judge's agreement with Defendant's position does not necessarily establish that her position was substantially justified.

The Sixth Circuit Court of Appeals has also stated that "when an administrative law

judge [is] found to have selectively considered evidence in denying benefits," the Commissioner's decision to defend the administrative law judge's denial of benefits is without substantial justification. Howard, 376 F.3d at 554 (citation omitted).

The Honorable Marianne O. Battani, United States District Judge, found in her Opinion and Order that the ALJ "ignore[d] significant evidence in the record undermining his conclusion," in the present case.

> Without question, the ALJ is free to discount the claimant's credibility when some of his activities are inconsistent with claims of disabling pain. See Blacha v. Sec'y of HHS, 927 F.2d 228, 231 (6th Cir. 1990) (holding, as a matter of law, that an ALJ may consider household and social activities in evaluating complaints of pain). Nevertheless, in reaching this assessment, the ALJ may not ignore significant evidence in the record undermining his conclusion. Here, Plaintiff testified that he could not vacuum without taking a break; that he could wash dishes when needed and that he relied on his girlfriend for help; and that during the course of a one-hour shopping excursion he had to stop and rest. Plaintiff indicated that he played cards when friends or family visited, once or twice a year. Tr. at 76. Further, reports reflect that all these activities were limited by pain, and Plaintiff's ability to complete any task was questionable. Id. at 79-81. The Court's obligation in affording the deference due to the ALJ's credibility determination, does not require a placing a "seal of approval" on a selective reading of the record. Davis v. Apfel, 135 F.Supp. 2d 542, 547 (E.D. Mich. 2001). Here, these bits of the record that were not included in the ALJ's decision highlight the need for consideration of the role of obesity relative to Plaintiff's residual functional capacity.[1]

Judge Battani also stated that

> [T]he ALJ's emphasis on the conservative nature of Plaintiff's treatment ignores evidence that Plaintiff was not a candidate for surgery due to his obesity. Further, the ALJ does not address other measures taken by Plaintiff, such as seeking treatment at a pain management clinic, receiving spinal injections, and engaging in physical therapy to treat his condition and resulting pain. See Tr. at 162- 63. Finally, the ALJ did not comment on Plaintiff's testimony that he lays down two

---

[1] Opinion and Order of the Court Rejecting Report and Recommendation and Remanding to Commissioner (hereinafter Opinion and Order), March 24, 2006, at pages 7-8 (emphasis added).

or three times a day to relieve his pain.1 Tr. at 254. The ALJ need not comment on every piece of evidence; nevertheless, <u>he cannot ignore important evidence that directly undermines his findings</u>.[2]

Judge Battani also noted that the ALJ neglected to address Dr. Normita Vicencio's opinion that Plaintiff's symptoms would interfere with his ability to maintain regular attendance.[3] She also remarks that the ALJ did not provide any basis for rejecting Dr. Edward A. Czarneki's opinion that Plaintiff was not exaggerating his symptoms; she states that this omission is significant, because Plaintiff was sent for a consultation with Dr. Czarneki for the very purpose of evaluating the credibility of his complaints of pain and fatigue.[4] She concludes that "Plaintiff's testimony, a complete reading of Plaintiff's daily activities, and the opinions of Dr. Czarnecki and Dr. Vicencio fairly detract from the weight of the ALJ's denial of DIB to Plaintiff."[5] For the abovementioned reasons, she finds that the ALJ did not properly evaluate all of testimony from the administrative hearing and that substantial evidence did not exist in the record to support the ALJ's decision. Accordingly, she did not uphold the ALJ's decision.[6]

The Sixth Circuit has clearly stated that where an ALJ relies selectively on evidence (as is the case here), the government is not substantially justified in defending its position. <u>Howard</u>, 376 F.3d at 554. Because the Social Security Administration was not substantially justified in defending its position, an award of attorney's fees to Plaintiff's counsel under the EAJA is

---

[2] Opinion and Order at page 8 (emphasis added).

[3] <u>Id.</u>

[4] Opinion and Order at page 9.

[5] <u>Id.</u>

[6] Opinion and Order at pages 9-10.

appropriate.

The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S. Ct. 1933, 1941 (1983). Furthermore, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Plaintiff's counsel has not argued that there exists any special factor that would justify raising her attorney fees rate to $135 an hour as requested in her motion.

Plaintiff also requests the following:

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 12/10/04 | U.S. District Court - complaint filing fee | $150.00 |
| 12/01/04 - 06/19/06 | Postage and copy charges | $76.00 |
| 07/05/05 | Westlaw charges | $82.00 |
| | **TOTAL COSTS AND EXPENSES REQUESTED**: | $308.00 |

The Court may award the complaint filing fee requested as a cost pursuant to 28 U.S.C. § 1920. Regarding the other expenses, however, 28 U.S.C. § 2412(d)(1)(B) provides that:

> [a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.

Plaintiff counsel has not submitted an itemized statement of her expenses relating to the postage

and copy charges, nor has she described the rates at which she calculated her expenses. Therefore, the undersigned recommends that the request for the complaint filing fee be granted and that the request for other expenses be denied.

    Plaintiff's counsel has, on the other hand, provided an itemized statement of her services in her Schedule of Attorney Services, which appears for the most part to represent reasonable charges. However, the undersigned considers the tasks listed below in the Schedule of Attorney Services to be unreasonable charges:

| DATE | DESCRIPTION | TIME |
|---|---|---|
| 12/15/04 | Receipt of returned Summons and Complaint, filed successfully | .2 |
| 12/16/04 | Notice of Electronic Filing - Notice of Referral of Case to Mag. Judge Capel, and filing of Complaint | .1 |
| 02/04/05 | Receipt of signed certified acknowledgment form from U.S. Attorney's Office and SSA-General Counsel | .1 |
| 02/16/05 | Receipt of signed certified acknowledgment form from Office of Attorney General. | .1 |
| 03/08/05 | Notice of Electronic Filing of our Summons - return of service forms | .1 |
| 03/31/05 | Notice of Electronic Filing of the Commissioner's Answer to our Complaint and the filing of the transcript in the case | .2 |
| 08/01/05 | Notice of Electronic Filing of our Motion | .1 |


and copy charges, nor has she described the rates at which she calculated her expenses. Therefore, the undersigned recommends that the request for the complaint filing fee be granted and that the request for other expenses be denied.

    Plaintiff's counsel has, on the other hand, provided an itemized statement of her services in her Schedule of Attorney Services, which appears for the most part to represent reasonable charges. However, the undersigned considers the tasks listed below in the Schedule of Attorney Services to be unreasonable charges:

| DATE | DESCRIPTION | TIME |
|---|---|---|
| 12/15/04 | Receipt of returned Summons and Complaint, filed successfully | .2 |
| 12/16/04 | Notice of Electronic Filing - Notice of Referral of Case to Mag. Judge Capel, and filing of Complaint | .1 |
| 02/04/05 | Receipt of signed certified acknowledgment form from U.S. Attorney's Office and SSA-General Counsel | .1 |
| 02/16/05 | Receipt of signed certified acknowledgment form from Office of Attorney General. | .1 |
| 03/08/05 | Notice of Electronic Filing of our Summons - return of service forms | .1 |
| 03/31/05 | Notice of Electronic Filing of the Commissioner's Answer to our Complaint and the filing of the transcript in the case | .2 |
| 08/01/05 | Notice of Electronic Filing of our Motion | .1 |

| 08/31/05 | Notice of Electronic Filing of Order Granting Defendant's Ex Parte Motion for Leave to File their Motion for Summary Judgment Instanter | .1 |
|---|---|---|
| 12/16/05 | Notice of Electronic Filing of our Objections | .1 |
|  | **TOTAL UNREASONABLE CHARGES:** | 1.1 |

Neither receiving notice of electronic filing nor receiving a document by mail merits the billing increments that Plaintiff's counsel has requested. Plaintiff's counsel has also billed the review of some of these documents separately, making these charges redundant. The undersigned therefore recommends that the Court subtract 1.1 hours from the 37 hours requested by Plaintiff's counsel for her services, leaving 35.9 hours.

### III.   CONCLUSION

The undersigned recommends that the attorney's fees and costs be awarded as follows:

**Attorney Time:**     35.90 hours     @ $ 125.00     $ 4,487.50
<u>**Costs:**                                                                      <u>$   150.00</u></u>
**Total:**                                                                 $ 4,637.50

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation that they may serve and file specific, written objections to the proposed findings and recommendations. Further, either party may respond to another party's objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of

Appeals.  <u>United States v. Walters</u>, 638 F.2d 947, 949-50 (6th Cir. 1981).

In accordance with the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, the Court, in its discretion, may enlarge the period of time in which to file objections to the report.

<div style="text-align: right;">

s/ Wallace Capel, Jr

**WALLACE CAPEL, JR.**

**UNITED STATES MAGISTRATE JUDGE**

</div>

Date:     **September 27, 2006**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: James A. Brunson, Assistant United States Attorney, and Eva I. Guerra,

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Social Security Administration, Office of Regional Counsel, 200 W. Adams Street, 30th Floor, Chicago, Illinois 60606.

                                                                                             s/James P. Peltier
                                                                                             United States District Court
                                                                                                                    Flint, Michigan 48502
                                                                                                                    810-341-7850
                                                                                                                 E-mail: pete_peltier@mied.uscourts.gov