THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER L. JOHNSON,

        Plaintiff,                        Case No. 04-60274

vs.

                                            DISTRICT JUDGE MARIANNE O. BATTANI
                                            MAGISTRATE JUDGE STEVEN D. PEPE

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR AUTHORIZATION OF
ATTORNEY FEES PURSUANT TO 42 U.S.C. §406 (b)(DKT. #32)**

On October 9, 2007, Plaintiff's attorney, Eva I. Guerra, filed a motion for authorization of attorney fees pursuant to 42 U.S.C. § 406(b) for representation in this case involving a Social Security appeal, in the total amount of $23,822.50, which combined with the amount authorized and paid in EAJA fees of $4,637.50 ($28,460.00), represents approximately 25% of the past due Social Security Disability Benefits paid on Plaintiff's account (Dkt. #32). Ms. Guerra has also attached an official Notice of Award dated July 21, 2007, which reflects that the Commissioner has withheld $28,692.75 of Plaintiff's past-due Social Security benefits of $87, 970.75 for November 2001 through May 2007, i.e., representing 25% of the claimant's past due benefits (Dkt. #32, Ex. 1, p. 2). On October 23, 2007, Defendant filed a response to Ms. Guerra's motion indicating that it has no objection to the attorney fees requested by Plaintiff's counsel in the

1

amount of $28,460.00.[1] Ms. Guerra's motion has been referred for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons indicated below, it is **ORDERED** that Ms. Guerra's motion is **GRANTED**.

EAJA fees were requested, and authorized by this Court in the amount of $4,637.50. (Dkt. #31). Plaintiff's attorney may not receive more than 25% of the claimant's retroactive benefits, in combination with approved attorney fees and approved EAJA fees. As such, the Plaintiff will be refunded the "amount of the smaller fee," pursuant to *Gisbrecht v Barnhart*, 535 U.S. 789, 796 (2002), once attorney fees are approved, if the full requested amount is authorized. Here, Plaintiff's attorney requests an actual payment of attorney fees, in the amount of $23,822.50 (which reflects the deducted EAJA fees), and requests the remainder of the withheld 25% be forwarded to Plaintiff.

Plaintiff signed a fee agreement agreeing to pay 25% of his past due benefits should there be a favorable decision at the Federal Court level (Dkt. #32, Ex. 2). For Ms. Guerra's services, she charges an hourly fee of $200.00. Paralegal hours spent at the administrative level were billed at $95 per hour. Here, Ms. Guerra represents that she spent 55 hours, through the present date, in representing the Plaintiff and his interests at the Federal Court level (Dkt. #32, Ex. 3). If these services were charged at her hourly rate of $200.00 per hour, the total would be $11,000.00. Paralegal hours spent at the prior administrative level, in the amount of 34 hours, and billed at $95 per hour, equals $3,230.00. Total billing, at a straight hourly rate, would therefore be $14,230.00.

---

[1] Ms. Guerra sent a letter to Plaintiff dated October 9, 2007, affording him an opportunity for adversary submission to the Court within 15 days from said correspondence (Dkt. #32, Ex. 4). To date, no adversary submission has been received by the Court.

In *Rodriguez v Bowen*, 865 F.2d 739 (6th Cir. 1989) (*en banc*), the Court noted that the analysis for approving attorney fees begins by "using 25% of the past due benefits as a benchmark . . . . The Court should then look to whether a fee agreement has been executed by the claimant and the claimant's attorney. When two parties enter into such an arm's length agreement, due deference should be given to this expression of the intentions of the parties." *Id* at 746. In *Hayes v Sec'y of Health and Human Servs.*, 916 F.2d 351 (6th Cir. 1990), clarified on rehearing, 923 F.2d 418 (6th Cir. 1991), the Sixth Circuit further stated that:

> a multiplier of two is appropriate as a floor in light of indications that Social Security attorneys are successful in approximately 50% of the cases they file in the Courts. Without a multiplier, a strict hourly rate limitation would insure that the Social Security attorneys would not, averaged over many cases, be compensated adequately. . . . A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriguez* analysis. It provides a floor, below which a District Court has no basis for questioning, under the second part of *Rodriguez*'s windfall rule for "minimal effort expended," the reasonableness of the fee.

*Id.* at 422.

Applying the above analysis, the reasonable fee herein would be $28,460.00 when multiplying $14,230.00 by two. In the present case, Plaintiff has agreed to a 25% fee, pursuant to the fee agreement signed by him, and the amount requested by his attorney amounts to slightly less than 25% of the past due benefits.[2] Accordingly, Ms. Guerra's request for approval of attorney fees pursuant to 42 U.S.C. §406(b) in the amount of $28,460.00 is **GRANTED**. Because EAJA fees have already been paid in this matter in the amount of $4,637.50, Ms. Guerra should be issued an actual payment in the amount of $23,822.50.

---

[2] As noted above, the official Notice of Award dated July 21, 2007, reflects that the Commissioner has withheld $28,692.75, i.e., representing 25% of the claimant's past due benefits (Dkt. #32, Ex. 1, p. 2). Here, Plaintiff's attorney is requesting $28,460.00 in attorney fees.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

**SO ORDERED.**

Date: October 26, 2007
Ann Arbor, Michigan

s/Steven D. Pepe
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

       I hereby certify that on October 26, 2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: James A. Brunson, Eva I. Guerra, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Social Security Administration - Office of the Regional Counsel, 200 W. Adams, 30th. Floor, Chicago, IL 60606

                                                  s/ James P. Peltier
                                                  James P. Peltier
                                                  Courtroom Deputy Clerk
                                                  U.S. District Court
                                                  600 Church St.
                                                  Flint, MI 48502
                                                  810-341-7850
                                                  pete_peliter@mied.uscourts.gov